UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ART'S LIQUOR SHOPPE INC., | Case No. _____ |
| Plaintiff, | U.S. District Judge _____ |
| v. | Removed from <br> State of Michigan <br> 46th District Court |
| MICHIGAN LABORERS' VACATION FUND, | Hon. Sheila Johnson <br> Case No. 25-08655-GC |
| Defendant. | |

**REMOVAL AND NOTICE OF REMOVAL**

To: State of Michigan          Art's Liquor Shoppe Inc.
    46th District Court        c/o Dalen Patrick Hanna
                               Hanna LLP
                               33717 Woodward Avenue, Suite 560
                               Birmingham, MI 48009-0913

Defendant Michigan Laborers' Vacation Fund (Fund)[1] removes this case from the State of Michigan 46th District Court pursuant to 28 U.S.C. §§1331 and 1441 and the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. § 1132, because Congress has enacted the foregoing legislative scheme which occupies the entire field of the subject matter in Plaintiff's Complaint. (Ex. 1). Phillip Owens

---

[1] Plaintiff erroneously identified Defendant as "Michigan Laborers" in the pleadings filed with the State of Michigan 46th District Court. The full name of Defendant is "Michigan Laborers' Vacation Fund."

1

(Owens) is the payee referenced in Plaintiff's Complaint and is a "participant" of the Fund's "employer benefit plan," as defined by 29 U.S.C. § 1002. Owens allegedly assigned his benefit to Plaintiff, which Plaintiff now claims from the Fund. Here, the "complete preemption doctrine" permits recharacterization of Plaintiff Art's Liquor Shoppe Inc.'s claim as a federal claim so that removal is proper, even though the Complaint does not mention a federal basis of jurisdiction.

1. Plaintiff filed its lawsuit against the Fund, Case No. 25-08655, in the State of Michigan 46th District Court. The Fund received Plaintiff's Michigan complaint by certified mail on August 25, 2025.

2. The Fund is a jointly administered, multiemployer benefit fund under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145, and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a).

3. The Fund's Trust was established for the purpose of distributing vacation benefits to each employee-participant entitled to same pursuant to the provisions of an applicable collective bargaining agreement, and the provisions of its Trust Agreement and "welfare plan" as defined by 29 U.S.C. § 1002(1).

4. The Fund, prior to Plaintiff's claim, properly distributed Owens' benefit by check to Owens, who cashed it. Owens then, according to Plaintiff's Complaint, purported to assign this same check from the Fund to Plaintiff which, the

Plaintiff, as assignee, now claims as due and owing from the Fund. If Plaintiff prevails it would ultimately be unjustly paid from the benefit accounts of other innocent plan participants, since the Fund has already paid the benefit due Owens.

5. Federal Court has original jurisdiction based on 28 U.S.C. § 1331, and exclusive jurisdiction based on 29 U.S.C. § 1332 for causes of action involving claims for benefits. In a suit concerning allocation of ERISA plan benefits, ERISA provides an "exclusive federal cause of action," *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987), and a complaint regarding the allocation of plan benefits "is necessarily federal in character." *Id*. at 63-64.

6. Moreover, Plaintiff's complaint is a federal one insofar as it involves: the interpretation of federal law, the Fund's Trust and plan; the entitlement to the payment of a plan benefit; the fraudulent conveyance and/or assignment of plan assets improperly obtained by Owens to Plaintiff under state and Federal common law; the violation of plan terms requiring resolution under 29 U.S.C. § 1132(a)(3); and injunctive, declaratory, and/or other appropriate relief under 29 U.S.C. § 1132(a)(3).

7. Plaintiff's claims arise in Southfield, Michigan, within the Eastern District of Michigan. Venue is proper in this Court pursuant to 28 U.S.C. §§ 102(a)(2) and 1441(a).

8. Removal is timely, based on 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

9.    The Fund will provide this removal and notice of removal to Plaintiff and to Michigan's 46th District Court.

                                                          RESPECTFULLY SUBMITTED,

                                                          *s/ Hope L. Calati*
                                                          Hope L. Calati (P54426)
                                                          Lauren E. Crummel (P73333)
                                                          Watkins, Pawlick, Calati & Prifti, P.C.
                                                          1423 E. 12 Mile Rd.
                                                          Madison Heights, MI  48071
                                                          (248) 658-0800
                                                          hcalati@wpcplaw.com
                                                          lcrummel@wpcplaw.com

September 15, 2025                       Attorneys for Defendant Michigan Laborers' Vacation Fund

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ART'S LIQUOR SHOPPE INC., | Case No. _____ |
| Plaintiff, | U.S. District Judge _____ |
| v. | Removed from<br>State of Michigan<br>46th District Court |
| MICHIGAN LABORERS' VACATION FUND, | Hon. Sheila Johnson<br>Case No. 25-08655-GC |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Hope L. Calati, certify that on September 15, 2025, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system and mailed a copy of such documents to:

Dalen Patrick Hanna
Hanna LLP
33717 Woodward Avenue, Suite 560
Birmingham, MI  48009-0913

I also certify that on September 15, 2025, I caused a copy of the foregoing paper to be overnight mailed to the 46th District Court.

*s/ Hope L. Calati*
Hope L. Calati (P54426)
Watkins, Pawlick, Calati & Prifti, P.C.
1423 E. 12 Mile Rd.
Madison Heights, MI  48071
(248) 658-0800
hcalati@wpcplaw.com

September 15, 2025